# SPECIAL TERM.

Before Judges STORER and GHOLSON.

## A. S. STEWART & Co. *vs.* HUNTER & MOORE.

The interest of a partner in partnership property may be attached; and the sheriff is entitled to the exclusive possession of the property attached until he sells the interest attached.

A co-partner may, however, by giving bond, retain the possession. Under Sec. 198 Code, it is the *interest of the defendant* that is to be appraised, and the penalty of the bond will only be double that interest, and not double the value of the whole property attached, if partnership property.

This was an application for an injunction, and, at the same time, was heard, a motion to discharge an attachment against the interest of a partner in partnership property.

The application was refused, and the motion overruled.

GHOLSON, J., delivered the opinion of the Court:

Where a defendant has a legal interest in personal property, such property has ever been liable to seizure for the payment of the debts of the owner, in accordance with the great principle regulating the intercourse of debtor and creditor, that all the property of the debtor should be responsible for his debts. To make this responsibility effectual, a seizure has ever been considered necessary, as well under process of attachment as under process of execution, in the case of articles of property held by the debtor in undivided ownership. The idea that immunity from the process of law can be communicated to property

A. S. Stewart & Co. *vs.* Hunter & Moore.

by any act or agreement of the parties, or, that property, owned by two jointly, should not, as to the interest of each, be equally liable to process as the property of a single individual, cannot be maintained. On the contrary, the agreement by which property is held jointly, is subservient to the great principle regulating the rights of debtor and creditor, and one joint owner may be compelled to lose temporarily, in favor of the sheriff, any right to the actual possession of the property, that an effectual disposition of the interest of the other may be made for the payment of his debts.

It is now well settled, that under an execution at law against one partner, the sheriff may seize articles of property owned by the partnership, and take them into his possession, that the interest of the debtor partner may be sold. Until such sale, the possession of the sheriff is necessarily exclusive, and the right of actual possession of the other partner is suspended, but upon the sale being consummated, his right of possession revives in connection with that acquired by the vendee of the sheriff, as tenant in common of the articles of property sold.

The same rule applies to an attachment; and the expression in the Code, when the property can be "come at," refers to the nature and position of the property, and not to the character of the title, or interest of the owner.

Courts of Chancery have interfered to protect the equitable rights of partners, and partnership creditors, when partnership property is seized under an execution against one of the partners, an equity might arise where the removal of the property would be followed by irreparable injury to the other partner; but no such principle can apply where the question is as to the temporary

possession of property taken under process of attachment. The Code furnishes an adequate remedy by allowing the other partner to retain the possession, by giving a bond, to have the property forthcoming. Upon an injunction, the relief could only be granted on requiring a similar bond ; the only difference would be as to the penalty of the bond, which, in one case, is fixed by law, and in the other, is in the discretion of the Judge. · This, clearly, would constitute no sufficient ground to justify the use of the extraordinary remedy by injunction, and in other respects, the statutory remedy would be preferable.

Under the 198th section of the Code, it is *the property of the defendant* which is to be appraised, and where such property extends not· to the whole of any articles or chattels, but to a lesser interest, it is that interest, determined in each case by the number of the partners, which is to be appraised, constituting, in such a case as the present, one half of the property.

The penalty of the bond, therefore, under section 199, will be double the value of such apparent legal interest which is the subject of the levy, and not double the value of the articles of property, the whole of which are not levied on, but only taken into possession, to make effectual the levy on the interest.